108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elvia VERDUZCO-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70703.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1997.
Decided Feb. 14, 1997.
 
 1
 Petition for Review of an Order of the Immigration and Naturalization Service, No. Ayo-fue-lcy.
 
 BIA
 
 2
 AFFIRMED.
 
 
 3
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM, District Judge.*
 
 
 4
 MEMORANDUM**
 
 
 5
 Elvia Verduzco-Perez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision to deny Verduzco-Perez's application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a and we deny the petition for review.
 
 
 6
 We review for abuse of discretion the BIA's decision to deny an application for suspension of deportation. See Tukhowinich v. INS, 64 F.3d 460, 462 (9th Cir.1995). As the BIA expressly adopted the IJ's reasons for denying the application, without performing an independent review, we review the decision of the IJ. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996).
 
 
 7
 In order to establish eligibility for suspension of deportation a petitioner must show: (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to himself or herself, or to a spouse, parent, or child who is a United States citizen or who has been lawfully admitted for permanent residence. 8 U.S.C. § 1254(a)(1); Tukhowinich, 64 F.3d at 462. The IJ found that Verduzco-Perez satisfied the 7-year continuous physical presence requirement and the good moral character requirement.
 
 
 8
 The only issue before us is whether the IJ properly exercised its discretion in its determination that Verduzco-Perez failed to meet the "extreme hardship" requirement. The BIA has discretion to construe "extreme hardship" narrowly. "Such a narrow interpretation is consistent with the 'extreme hardship' language, which itself indicates the exceptional nature of the suspension remedy." INS v. Wang, 450 U.S. 139, 145 (1981). However, failure to consider relevant factors or failure to articulate the reasons for denying suspension of deportation constitutes an abuse of discretion. Tukhowinich, 64 F.3d at 463.
 
 
 9
 First, Petitioner argues that the IJ failed to consider the emotional hardship to herself and her spouse caused by her deportation. The IJ noted, however, the short duration of the marriage, the lack of children or immediate plans to have children, and the ability for Verduzco-Perez to apply for adjustment of status as a lawful permanent residence through her husband, in determining that the hardship did not go beyond that normally associated with deportation. There is no unique or unusually severe hardship that warranted a finding of "extreme hardship."
 
 
 10
 Second, petitioner asserts that the IJ did not give full consideration to the economic hardship she might face if deported to Mexico. Verduzco-Perez and other members of her family testified that it would be difficult for petitioner to obtain employment and salary similar to that she enjoys in the United States. As the IJ stressed, however, neither Verduzco-Perez nor her family made any inquiry as to what her employment prospects in Mexico would be. The IJ also noted that the petitioner's skills in the design/quilting business are presumably marketable, especially in Mexico which has a substantial textile industry. The IJ appropriately concluded that petitioner's potential economic difficulties do not rise to the level of "extreme hardship."
 
 
 11
 Third, Verduzco-Perez argues that the IJ did not consider her ties to the community. The IJ did specifically observe that Verduzco-Perez's community service was essentially limited to proselytizing for her church. The IJ stated that "social uprooting [is a] hardship[ ] suffered by nearly every alien who has spent a considerable period of time in the United States." Thus, petitioner's separation from her church and community is not "extreme hardship."
 
 
 12
 Finally, Verduzco-Perez contends that the IJ denied her application because of the alternative means available to her to adjust her status to lawful permanent resident.[1] In Gutierrez-Centeno v. INS, we held that "unless there is a realistic chance for adjustment [of status] through other means in the near future, this factor should not weigh against an alien." 99 F.3d 1529, 1532 n. 6 (9th Cir.1996). Here, the IJ did not adequately assess the "efficacy of the alternative means of adjustment" before weighing this factor against a finding of "extreme hardship." Id. However, the IJ's decision did not rest merely on Verduzco-Perez's potential for adjustment of status; it considered the full range of other factors discussed above in denying petitioner's application.
 
 
 13
 The IJ did not abuse its discretion in denying petitioner's application for suspension of deportation.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable William Ingram, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The BIA noted specifically that it that it agreed with the IJ's assessment that, because Verduzco-Perez had other means of adjusting her status, her and her husband's potential hardship was lessened